UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JESSE ADELAAR,                                    Index: 12-CV-3054(FM)

            Plaintiff,

            v.                                    RULE 26(a)(1)
                                                  DISCLOSURE
SPROUT FOODS, INC.                                STATEMENT

            Defendant.
-----------------------------------------------------------------X

## SPROUT FOODS, INC.'S
## RULE 26(a)(1) DISCLOSURES TO PLAINTIFF

Defendant, Sprout Foods, Inc. (Sprout), by counsel, submits the following pre-discovery disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, to plaintiff, Jesse Adelaar.

1.    The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

RESPONSE:    The following individuals are likely to have discoverable information that Sprout may use to prosecute its defense:

        a.    Jesse Adelaar – Mr. Adelaar will have information concerning the written agreement and the contents thereof.

        b.    Robin Adelaar – Ms. Adelaar will have information concerning the written agreement and the contents thereof.

    c.    Max MacKenzie – Mr. MacKenzie will have information concerning the deal with the Adelaars and will also testify concerning other conversations he had with other investors about anti-dilution.

    d.    Andrew Samaan – Mr. Samaan will have information about the deal as told to him by Mr. Mackenzie.

    e.    Ron Davis – Mr. Davis potentially has information concerning the deal with the Adelaars and also may have information concerning other deals with other investors.

    f.    Dennis Hersch – Mr. Hersch potentially has information concerning the deal with the Adelaars and also may have information concerning other deals with other investors.

2. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

RESPONSE: Sprout will rely upon documents, including, but not limited to, agreements and correspondence between Adelaar and Sprout in possession of Sprout, Adelaar, and others to support its defenses. The following documents are currently in the possession of Sprout and are being produced herewith: the Letter Agreement dated May 8, 2009.

3. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such

computation is based, including materials bearing on the nature and extent of injuries suffered.

RESPONSE: Not applicable.

4. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or a part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE: Not applicable.

PLEASE TAKE NOTICE, that pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, Plaintiff reserves its rights to supplement and/or modify these responses if it learns that in some material respect the information disclosed is incomplete or inaccurate (and if the additional or corrective information has not otherwise been made known to all the parties during the discovery process or in writing), or upon receipt of any documentation required to be disclosed in this litigation.

Dated: October 19, 2012
Uniondale, New York

SPROUT FOODS, INC.

By: _____
Linc C. Leder (LL-4414)

Peter S. Samaan, Esq.
Linc C. Leder, Esq.

SPROUT FOODS INC.'S RULE 26(a)(1) DISCLOSURES TO PLAINTIFF – PAGE 3

WESTERMANN SHEEHY KEENAN
SAMAAN & AYDELOTT, LLP
The Omni Bldg., Suite 702
333 Earle Ovington Blvd.
Uniondale, New York 11553
(516) 794-7500

Counsel for defendant,
Sprout Foods, Inc.



May 8, 2009

CONFIDENTIAL
Mr. Jesse D. Adelaar
411 E. 78th St. Apt 2A
New York, NY. 10075

                Re:    Series A Preferred Investment

Dear Mr. Adelaar:

Please allow this letter agreement (this "Agreement"), effective as of the date first above written (the "Effective Date"), to confirm our mutual understandings regarding your investment in Sprout Foods, Inc. ("Sprout" or the "Company"). As of May 8th, 2009, you have invested Six Hundred Thousand Dollars ($600,000.00) (the "Investment") in Series A Preferred Stock (the "Stock") of Sprout at $1.00 per share (the "Purchase Price"). In consideration of the Investment, the Company is providing you with the following Investment protection:

1. Subject to the provisions of Paragraphs 2 and 3 hereof, in the event that the Company shall issue or sell additional shares of Stock for a consideration per share less than the Purchase Price on the Effective Date (as adjusted for stock dividends, subdivisions, combinations, recapitalizations and the like in effect immediately prior to the issuance or sale of such shares), then in such event, the Purchase Price shall be reduced, concurrently with such issue, to a Purchase Price equal to the net consideration per share of Stock received by the Company in respect of such issuance. An adjustment made pursuant to this paragraph shall be made on the next business day following the date on which any such issuance is made and shall be retroactive immediately after the close of business on such date.

2. The issuance of any shares of Stock (whether treasury shares or newly issued shares) pursuant to a dividend or distribution on, or subdivision or combination of, the outstanding shares of Stock requiring an adjustment in the conversion price pursuant to the Certificate of Designation shall not be deemed to constitute an issuance of Stock by the Company to which Paragraph 1 applies. No adjustment shall be made under Paragraph 1 for any issuance of additional Stock at a price equal to or in excess of the Purchase Price.

3. No adjustment of the Purchase Price shall be made under Paragraph 1 upon the issuance of any additional shares of Stock which are issued pursuant to the exercise of any options, warrants or rights, or pursuant to the exercise of any conversion or exchange rights in any convertible or exchangeable securities.

4. Miscellaneous. This Agreement shall be binding on the parties whose signatures appear below and their successors and assigns. This Agreement may be executed in counterparts. This Agreement may not be modified or amended except by an instrument in writing signed by the Party against whom enforcement is sought. Either party may, by an instrument in writing, waive compliance by the other party with any term or provision of

this Agreement. The waiver by a Party of a breach of any provision of this Agreement shall not be a waiver of any subsequent breach. This Agreement sets forth the entire understanding of the Parties with respect to the subject matter hereof. This Agreement shall be construed and governed in accordance with the internal, substantive laws of the State of New York.

IN WITNESS WHEREOF, the parties have affixed their signatures hereto on the dates set forth in their acknowledgments.

SPROUT FOODS, INC.

By: _____
Name: Maris MacKenzie
Title: CEO

Confirmed and Agreed to as of the Effective Date by:

_____

By: _____
Name:
Title: Investor

2