UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JESSE ADELAAR,

                              Plaintiff,

-against-

SPROUT FOODS, INC.,

                              Defendant.
------------------------------------------------------------x

12 CIV 3054 (FM)

DECLARATION OF PETER S. SAMAAN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Peter S. Samaan, pursuant to the penalties of perjury, states:

1. My name is Peter S. Samaan. I am a member in good standing of the Bar of this Court and am a partner of the law firm of Westermann Sheehy Keenan Samaan & Aydelott, LLP, counsel for defendant Sprout Foods, Inc. (Sprout). I make this declaration in support of Sprout's Motion for Summary Judgment, dismissing all claims against it brought by plaintiff Jesse Adelaar (Adelaar).

2. This case centers on Adelaar's 2009 investment of $600,000 in Sprout. Adelaar alleges that Sprout's president, who no longer works for Sprout, but remains related by marriage to Adelaar, orally agreed that Adelaar's investment in Sprout would be afforded full ratchet anti-dilution protection. Adelaar further alleges that when Sprout's lawyers attempted to memorialize this agreement, the writing they drafted erroneously provided Adelaar only limited anti-dilution protection, and that this error in drafting was not understood at the time by either Adelaar or Max MacKenzie, Sprout's president at that time, both of whom signed the written agreement (the Agreement).

3. In April 2012, Adelaar commenced this action against Sprout asserting two causes of action: (1) a claim for reformation of the Agreement, to reflect Sprout's

actual agreement to afford Adelaar's investment full anti-dilution protection; and (2) for breach of the Agreement as reformed, because upon subsequent stock issuances by Sprout at a lower price per share than the price at which Adelaar invested, Sprout was required to issue Plaintiff additional shares but did not do so.

4. Sprout never agreed to provide full ratchet anti-dilution to Adelaar or any other investor. The Agreement correctly sets forth the parties' negotiated agreement and under no circumstances would Sprout have offered or negotiated a deal that provided full ratchet anti-dilution protection across all classes of stock, which is what Adelaar is seeking, but rather Adelaar got anti-dilution within his own class of stock.[1]

5. The Agreement is clear and unambiguous and parole evidence cannot be used to introduce an ambiguity into the Agreement that is, on its face, not capable of more than one meaning. Moreover, there is no reason to reform the Agreement that reflects the parties' intent.

6. Adelaar, a sophisticated investor, does not dispute the fact that the agreement is clear and unambiguous and that he executed the Agreement.

## BACKGROUND

7. On May 8, 2009, Adelaar and Sprout entered into the Agreement whereby Sprout agreed to issue Adelaar 600,000 shares of Series A stock at the price of $1.00 per share, in exchange for a total investment of $600,000.[2]

8. By its express and unambiguous terms, the Agreement limited the anti-dilution protection afforded Adelaar to Series A stock issuances, but not to future rounds

---

[1] Declaration of Andrew A. Samaan (Andrew Samaan Decl.), ¶12
[2] Andrew Samaan Decl., ¶5, Exhibit A.

DECLARATION OF PETER. S. SAMAAN – PAGE 2

of stock issuances by Sprout.[3]

9. Following Sprout's additional stock offerings, and more than two years later, Adelaar alleged, contrary to the Agreement, that he was entitled to full-ratchet anti-dilution protection on all subsequent stock issuances by Sprout, to wit, the Series B, Series C and Series D issuances.

10. Full ratchet anti-dilution views all subsequent stock sales/issuances issued at a lower price than what the investor's purchase price was as if they were the same, regardless of the number of shares issued. The price is ratcheted down to the lowest price at which stock is sold after issuance of, in this instance, the Class A shares, even if only one share is sold at that price. This means that Adelaar's stock would never decrease in value upon the offering of additional shares in any class. Accordingly, Adelaar claims that he should have received an additional 1,752,941 shares so that he would have ended up with a total of 2,352,941 shares of Sprout valued at $.255 per share, which is the price per share of the additional offerings. Under no circumstances would Sprout have provided such protection to any investor.[4]

## HISTORY OF THE ACTION

11. On or around April 18, 2012, Adelaar filed a Summons with Complaint and Jury Demand, alleging entitlement to relief based on the theory of reformation of contract and breach of contract.[5] On June 1, 2012, Sprout filed its Answer and Rule 7.1 Statement.[6]

---

[3] Andrew Samaan Decl. ¶¶ 5, 7, 8, 11, 12, and Exhibit A.
[4] Declaration of David "Scott" Schiff, ¶ 3.
[5] A copy of the Summons and Complaint dated April 18, 2012, is attached as Exhibit B.
[6] A copy of the Answer and Rule 7.1 Statement Dated June 1, 2012, is attached as Exhibit C.

DECLARATION OF PETER. S. SAMAAN – PAGE 3

12. On July 3, 2012, Defendant submitted to the Court a case management plan and scheduling order. On July 5, 2012, pursuant to the case management order, the parties submitted a Notice, Consent and Reference of a Civil Action to a Magistrate Judge form to the court.[7]

13. Thereafter, on September 12, 2012, the parties held a telephone conference with Honorable Judge Maas, whereby Sprout requested, and received permission to file a motion for summary judgment, arguing that Adelaar is barred from pursuing an action alleging that the Agreement does not encompass the entirety of the agreement between the parties.

Dated: November 16, 2012
Uniondale, New York

SPROUT FOODS, INC.

By: _____
Peter S. Samaan

Peter S. Samaan, Esq.
Linc C. Leder, Esq.

WESTERMANN SHEEHY KEENAN
SAMAAN & AYDELOTT, LLP
The Omni Bldg., Suite 702
333 Earle Ovington Blvd.
Uniondale, New York 11553
(516) 794-7500

Counsel for defendant,
Sprout Foods, Inc.

---

[7] A copy of the July 3, 2012 Order and completed Notice, Consent and Reference of a Civil Action to a Magistrate Judge form dated July 5, 2012, are collectively attached as Exhibit D.

DECLARATION OF PETER. S. SAMAAN – PAGE 4