UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JESSE ADELAAR,

                        Plaintiff,

-against-

SPROUT FOODS, INC.,

                        Defendant.
-----------------------------------------------------------x

12 CIV 3054 (FM)

DEFENDANT'S RULE 56.1
STATEMENT IN SUPPORT OF
IT'S MOTION FOR
SUMMARY JUDGMENT

## DEFENDANT'S RULE 56.1 STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, by its attorneys Westermann Sheehy Keenan Samaan & Aydelott, LLP, pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, hereby submits the following statement of material facts as to which Defendant contends there is no genuine issue to be tried

1. On or about May 8, 2009, Adelaar and Sprout entered into a written agreement (the Agreement) whereby Sprout agreed to issue Adelaar 600,000 shares of Series A stock at the price of $1.00 per share, in exchange for a total investment of $600,000. Declaration of Andrew W. Samaan (Andrew Samaan Decl.), ¶ 5, Exhibit A.

2. Specifically, the Agreement provides that as of May 8th, 2009, Adelaar "invested $600,000 (the "Investment") in Series A Preferred Stock (the "Stock") of Sprout at $1.00 per share (the "Purchase Price")". Andrew Samaan Decl., ¶ 7, Exhibit A.

3. The Agreement provides that in consideration of the Investment, Sprout is providing Adelaar with the following Investment protection:

    1. Subject to the provisions of Paragraphs 2 and 3 hereof, in the event that the Company [Sprout] shall issue or sell additional shares of Stock for a consideration per share less than the Purchase Price on the

Effective Date (as adjusted for stock dividends, subdivisions, combinations, recapitalizations and the like in effect immediately prior to the issuance or sale of such shares), then in such event, the Purchase Price shall be reduced, concurrently with such issue, to a Purchase Price equal to the net consideration per share of Stock received by the Company in respect of such issuance. An adjustment made pursuant to this paragraph shall be made on the next business day following the date on which any such issuance is made and shall be retroactive immediately after the close of business on such date.

Andrew Samaan Decl., ¶ 8, Exhibit A.

4. The Agreement states:

> 4. <u>Miscellaneous</u>. This Agreement shall be binding on the parties whose signatures appear below and their successors and assigns. This Agreement may be executed in counterparts. This Agreement may not be modified or amended except by an instrument in writing signed by the party against whom enforcement is sought. Either party may, by an instrument in writing, waive compliance by the other party with any term or provision of this Agreement. The waiver by a party of a breach of any provision of this Agreement shall not be a waiver of any subsequent breach. This Agreement sets forth the entire understanding of the parties with respect to the subject matter hereof. This Agreement shall be construed and governed in accordance with the internal, substantive laws of the State of New York.

Andrew Samaan Decl., ¶ 9, Exhibit A.

5. By its express and unambiguous terms the Agreement confirms the parties' mutual understandings regarding Adelaar's investment in Sprout. Andrew Samaan Decl., ¶¶ 5, 7, 8, 11, 12, Exhibit A.

6. The Agreement is signed by Mark MacKenzie as CEO and Jesse Adelaar as "Investor". Andrew Samaan Decl., ¶ 13, Exhibit A.

7. Sprout never received or executed an instrument in writing, pursuant to paragraph 4 of the Agreement, modifying or amending the Agreement. Andrew Samaan Decl., ¶ 14.

8.  Sprout never received or executed an instrument in writing, pursuant to paragraph 4 of the Agreement, waiving compliance with any term or provision of the Agreement. Andrew Samaan Decl., ¶ 15.

9.  Adelaar does not dispute the fact that he executed the Agreement. Andrew Samaan Decl., ¶ 16.

10. Sprout never provided Adelaar with full ratchet anti-dilution protection across all classes of stock, but rather anti-dilution within his own class of stock. Peter Samaan Decl., ¶ 4, Andrew Samaan Decl., ¶12.

Dated:   November 16, 2012
         Uniondale, New York

                                        SPROUT FOODS, INC.


                                        By: _____
                                              Peter S. Samaan

Peter S. Samaan, Esq.
Linc C. Leder, Esq.

WESTERMANN SHEEHY KEENAN
SAMAAN & AYDELOTT, LLP
The Omni Bldg., Suite 702
333 Earle Ovington Blvd.
Uniondale, New York 11553
(516) 794-7500

Counsel for defendant,
Sprout Foods, Inc.