UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSE ADELAAR,

              Plaintiff,

-against-

SPROUT FOODS, INC.,

              Defendant.

Case No.: 12-cv-3054 (FM)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BERGER & WEBB, LLP
Steven A. Berger (SB-2038)
Jonathan Rogin (JR-9800)
7 Times Square, 27th Floor
New York, NY 10036
(212) 319-1900

*Attorneys for Plaintiff*

81975.1

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    SPROUT'S SUMMARY JUDGEMENT MOTION SHOULD BE
    DENIED AS PREMATURE ............................................................................................ 3

    I. The Legal Standard for a Premature Summary Judgment Motion ........................... 3

    II. Additional Discovery is Warranted ........................................................................ 4

    III. Plaintiff Does Not Have Unclean Hands ............................................................... 5

CONCLUSION ...................................................................................................................... 7

## Table of Authorities

**Cases**

*Chimart Assocs. v. Paul,*
    66 N.Y.2d 570 (1986) ................................................................................................ 4

*Gene Codes Forensics, Inc. v. City of New York,*
    812 F. Supp. 2d 295 (S.D.N.Y. 2011) ....................................................................... 5

*Miller v. Wolpoff & Abramson, L.L.P.,*
    321 F.3d 292 (2nd Cir. 2003) ................................................................................ 3, 5

*Pennsylvania Ave. Funds v. Inyx, Inc.,*
    2011 WL 1795931 (S.D.N.Y. 2011) ...................................................................... 3, 5

*Schmitt v. Schmitt,*
    123 A.D.2d 617 (2nd Dep't 1986) ............................................................................. 6

**Rules**

CPLR § 213 ............................................................................................................................. 6

FED. R. CIV. P. 56(c) ............................................................................................................... 5

FED. R. CIV. P. 56(d) ............................................................................................................... 3

FED. R. EVID. 801, 802 ........................................................................................................... 5

81975.1

Plaintiff Jesse Adelaar ("Plaintiff"), by his attorneys Berger & Webb, LLP, submits this memorandum of law in opposition to the motion for summary judgment filed by defendant Sprout Foods, Inc. ("Sprout"), along with his accompanying affidavit sworn to on December 10, 2012 (the "Adelaar Aff."), the accompanying declaration of Jonathan Rogin dated December 10, 2012 (the "Rogin Decl."), and the accompanying response to Sprout's Local Rule 56.1 statement.

## INTRODUCTION

Sprout's summary judgment motion should be denied as premature, having been made before the close of discovery and before Plaintiff has been able to take the deposition of Sprout's former president, Max MacKenzie, whose testimony is critical to Plaintiff's contract reformation claim. Specifically, the agreement that Plaintiff seeks to reform based upon mutual mistake was signed by two people: Plaintiff and Mr. MacKenzie. In light of Plaintiff's own sworn affidavit submitted herewith establishing that his understanding of the agreement at issue supports his mutual mistake claim, all that remains for Plaintiff to fully meet his burden is evidence establishing that Mr. MacKenzie was of the same ill-informed understanding. Understandably concerned that Mr. MacKenzie's potential testimony may very well eviscerate Sprout's defense in this action, it has moved for summary judgment based upon erroneous factual and legal premises in the hope that it might improperly convince the Court to dismiss Plaintiff's claims before he is able to even try and put what might be dispositive evidentiary flesh on them. This tactic should not be countenanced, and Sprout's motion should be denied as premature.

## STATEMENT OF FACTS

For a detailed recitation of the facts in this action, Plaintiff refers the Court to his complaint and his affidavit filed herein. (*See* Rogin Decl., Ex. A; Adelaar Aff.) The most salient facts for purposes of this motion follow below.

On May 7, 2009, Plaintiff made a $500,000 investment in Sprout. (Adelaar Aff. ¶ 2.) Prior thereto, and as consideration for Plaintiff's investment, Mr. MacKenzie orally agreed, on behalf of Sprout, that as a condition for Plaintiff's investment, he would receive full ratchet anti-dilution protection. (*Id.* ¶¶ 2-3.) Approximately a month later, Plaintiff invested an additional $100,000 in Sprout, subject to the same agreement by Mr. MacKenzie on Sprout's behalf. (*Id.* ¶ 4.) This means that, in the event of subsequent stock issuances by Sprout at a share price lower than $1.00 (the per share price of the Sprout stock purchased by Plaintiff): (i) the share price for Plaintiff's investment would be reduced retroactively to the same lower price of such subsequently issued stock; and (ii) Plaintiff would be issued additional shares of Sprout for his prior $600,000 investment so that the value of my investment in Sprout would remain at $600,000 notwithstanding the decrease in the value of Sprout's stock. (*Id.* ¶ 2.)

When Sprout's lawyers attempted to memorialize this agreement, the writing they drafted erroneously provided Plaintiff only limited anti-dilution protection. (Adelaar Aff. ¶ 6.) Specifically, the written agreement limited the anti-dilution protection afforded Plaintiff to Series A stock issuances (the round in which he initially purchased), but not to future rounds of stock issuances by Sprout, such as the Series B, Series C and Series D issuances described in the Complaint. (*Id.*; Complaint ¶¶ 23-28.) Plaintiff signed the written agreement not understanding that his anti-dilution rights had been limited in this regard. Rather, he signed the agreement believing that it reflected his agreement with Sprout (via Mr. MacKenzie) that Plaintiff's

2

investment in Sprout would receive full ratchet anti-dilution protection. (Adelaar Aff. ¶ 7.)[1] Plaintiff has alleged that Mr. MacKenzie similarly signed the written agreement without understanding that it did not reflect his agreement on behalf of Sprout to afford Plaintiff's investment full ratchet anti-dilution protection. (Complaint ¶ 32.)

The discovery cut-off in this action is January 30, 2013. (Rogin Decl., Ex. B.) On November 30, 2013, a subpoena was served upon Mr. MacKenzie, which requires him to appear for a deposition on January 8, 2013. (Rogin Decl., Ex. C.)

## ARGUMENT

## SPROUT'S SUMMARY JUDGMENT MOTION
## SHOULD BE DENIED AS PREMATURE

### I. The Legal Standard for a Premature Summary Judgment Motion

Rule 56(d) of the Federal Rules of Civil Procedure provides that the Court may deny a motion for summary judgment where the non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). Such a denial is warranted where discovery is ongoing and the non-movant is still in the process of obtaining relevant evidence. *See Pennsylvania Ave. Funds v. Inyx Inc.*, 2011 WL 1795931 at *2 (S.D.N.Y. 2011). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-304 (2nd Cir. 2003) (citation and quotations omitted).

---

[1] Plaintiff's affidavit in this regard creates a material issue of fact as to this most critical of issues -- whether the parties agreed, as Sprout now contends, that Plaintiff's investment would only receive limited anti-dilution protection. Plaintiff's response to Sprout's Local Rule 56.1 statement confirms this. (*See* Plaintiff's response to Sprout's Local Rule 56.1 statement, at ¶¶ 5, 11-14.)

3

81975.1

## II.     Additional Discovery is Warranted

As for Plaintiff's cause of action for reformation of contract, New York's Court of Appeals has held that "mutual mistake . . . may furnish the basis for reforming a written agreement. . . . [and that] [i]n a case of mutual mistake, the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement." *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 573 (1986) (citations omitted). Moreover, "[b]ecause the thrust of a reformation claim is that a writing does not set forth the actual agreement of the parties, generally neither the parol evidence rule nor the Statute of Frauds applies to bar proof, in the form of parol or extrinsic evidence, of the claimed agreement." *Id.* (citations omitted).

The crux of Plaintiff's claim is that both he and Sprout (via its then-President, Mr. MacKenzie) were unaware that the written agreement did not reflect their understanding that Plaintiff's investment in Sprout would be afforded full ratchet anti-dilution protection. Plaintiff, via his supporting affidavit, has set forth sufficient facts in admissible form that his understanding of the written agreement was as described above. (Adelaar Aff. ¶¶ 6-10.)

There is no evidence currently in the record as to what Sprout's understanding was in this regard. It is not enough for Sprout to simply refer to the written agreement and claim that it is entitled to summary judgment on Plaintiff's reformation claim based on the agreement's purported clarity. *Chimart* allows Plaintiff to support his reformation claim with parol evidence. That the meaning of the written agreement is allegedly clear, and the case law cited by Sprout for the general concept that contracts are to be enforced according to their terms (most of which cases do not involve claims for reformation based upon mutual mistake), are of little relevance for purposes of this motion. (*See* Sprout Br. at 5-7, 11-12.)

4

81975.1

Simply, without any evidence from Mr. MacKenzie as to his understanding of the written agreement, Sprout's summary judgment motion is premature. The Court-ordered discovery deadline is January 30, 2013. (Rogin Decl., Ex B.) Mr. MacKenzie's deposition will be held on January 8, 2013. (Rogin Decl., Ex. C.) In light of the critical evidence to be obtained from Mr. MacKenzie as to Sprout's understanding of the written agreement at the time he signed it, which evidence will be obtained via deposition to be held prior the discovery cut-off, the Court should, pursuant to *Miller* and *Pennsylvania Ave. Funds*, deny Sprout's motion as premature. (*See* Rogin Aff. ¶¶ 3-8.)

Finally, Sprout also submitted a declaration from David Schiff, another Sprout investor. In this declaration, Mr. Schiff recounts a conversation with Mr. MacKenzie in October 2010, during which Mr. MacKenzie allegedly made statements which contradict Plaintiff's understanding of the written agreement. (Schiff Decl. ¶ 3.) These factual assertions as to what Mr. MacKenzie said to Mr. Schiff are inadmissible hearsay and cannot be considered on this motion. *See* FED. R. EVID. 801(c), 802; FED. R. CIV. P. 56(c)(2), (c)(4). *See also Gene Codes Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295, 306 (S.D.N.Y. 2011) (holding that affidavit which stated what another person had told affiant "is hearsay and not admissible pursuant to any hearsay exception") (citations omitted). Likely acknowledging this evidentiary infirmity, Sprout made no reference to the Schiff Declaration in its Local Rule 56.1 statement.

### III. Plaintiff Does Not Have Unclean Hands

Sprout also argues that it is entitled to summary judgment because of Plaintiff's unclean hands. Specifically, Sprout contends that because Plaintiff did not promptly discover the mutual mistake made by him and Mr. MacKenzie, but rather waited until the Series B, C and D stock

offerings to make a claim for full ratchet anti-dilution protection, his hands are somehow unclean. (Sprout Br. at 13-14.)

This is a wholly illogical argument. Given that both Plaintiff and Mr. MacKenzie understood the agreement to provide for full ratchet anti-dilution protection, Plaintiff would have had no reason to think otherwise until the time came when Sprout actually refused to provide this protection under circumstances that warranted it. This plainly did not occur until Sprout, by letter dated March 17, 2011, communicated that the price per share for the Series B offering would be reduced in a manner that would have triggered Plaintiff's anti-dilution rights. (Adelaar Aff. ¶ 9; Ex. A.) Shortly thereafter, on April 7, 2011, Plaintiff sent a letter to Sprout asserting his full ratchet anti-dilution rights. (Adelaar Aff. ¶ 10; Ex. B.) On April 11, 2011, Plaintiff met with the Chairman of Sprout's Board of Directors, who communicated that it was Sprout's position that the written agreement at issue did not provide Plaintiff with full-ratchet anti-dilution rights. (Adelaar Aff. ¶ 11.)

Sprout offers no basis whatsoever to conclude that Plaintiff should have discovered the mistake before he did. And, as New York law provides for a six-year statute of limitations for reformation of contract, Plaintiff quite obviously has acted in a timely manner. *See Schmitt v. Schmitt*, 123 A.D.2d 617 (2nd Dep't 1986); CPLR § 213.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an order: (i) denying Sprout's summary judgment motion in its entirety; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 10, 2012

BERGER & WEBB, LLP

By: _____
Steven A. Berger (SB-2038)
Jonathan Rogin (JR-9800)

*Attorneys for Plaintiff*
7 Times Square, 27th Floor
New York, New York  10036
212-319-1900
sberger@bergerwebb.com
jrogin@bergerwebb.com