UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE ADELAAR,<br><br>                          Plaintiff,<br><br>-against-<br><br>SPROUT FOODS, INC.,<br><br>                          Defendant. | Case No.: 12-cv-3054 (FM)<br><br>**PLAINTIFF'S RESPONSE TO STATEMENT OF DEFENDANT PURSUANT TO LOCAL CIVIL RULE 56.1** |

Pursuant to Local Civil Rule 56.1, plaintiff Jesse Adelaar ("Adelaar") hereby submits his response to the statement of defendant Sprout Foods, Inc. ("Sprout") pursuant to Local Civil Rule 56.1, as follows:

1. Admits Statement of Fact No. 1.

2. Admits Statement of Fact No. 2.

3. Admits Statement of Fact No. 3.

4. Admits Statement of Fact No. 4.

5. Denies Statement of Fact No. 5.

   *Contrary Evidence: See Paragraphs 11 through 14 below.*

6. Admits Statement of Fact No. 6.

7. Admits Statement of Fact No. 7.

8. Admits Statement of Fact No. 8.

9. Admits Statement of Fact No. 9.

10. Admits Statement of Fact No. 10.

<u>Additional Material Facts as to Which There is a Genuine Issue to be Tried</u>

11. In consideration for Plaintiff's investment in Sprout, Max MacKenzie, Sprout's president orally agreed that Plaintiff's investment in Sprout would be afforded full ratchet anti-

dilution protection. This means that, in the event of subsequent stock issuances by Sprout at a share price lower than $1.00: (i) the share price for Plaintiff's investment would be reduced retroactively to the same lower price of such subsequently issued stock; and (ii) Plaintiff would be issued additional shares of Sprout for his prior $600,000 investment so that the value of Plaintiff's investment in Sprout would remain at $600,000 notwithstanding the decrease in the value of Sprout's stock. (Affidavit of Jesse Adelaar sworn to on December 10, 2012 [the "Adelaar Aff."] ¶¶ 2, 4.)

12. Plaintiff believed that as Sprout's president, Mr. MacKenzie had authority to enter into the foregoing agreement. (Adelaar Aff. ¶ 5.)

13. When Sprout's lawyers attempted to memorialize this agreement, the writing they drafted erroneously provided Plaintiff only limited anti-dilution protection. This fact was not understood at the time by Plaintiff at the time that he signed the written agreement. (Adelaar Aff. ¶¶ 6, 7.)

14. Plaintiff's agreement to invest in Sprout was contingent upon Sprout's agreement to give him full ratchet anti-dilution protection. (Adelaar Aff. ¶¶ 3, 8.)

Dated: December 10, 2012
      New York, New York

BERGER & WEBB, LLP

By: _____
    Jonathan Rogin (JR-9800)

*Attorneys for Plaintiff*
7 Times Square, 27th Floor
New York, New York 10036
(212) 319-1900

81958.1