UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSE ADELAAR,

                    Plaintiff,

-against-

SPROUT FOODS, INC.,

                    Defendant.

Case No.: 12-cv-3054 (FM)

**PLAINTIFF'S RESPONSE TO STATEMENT OF DEFENDANT PURSUANT TO LOCAL CIVIL RULE 56.1**

       Pursuant to Local Civil Rule 56.1, plaintiff Jesse Adelaar ("Adelaar") hereby submits his response to the statement of defendant Sprout Foods, Inc. ("Sprout") pursuant to Local Civil Rule 56.1 dated June 7, 2013, as follows:

1.     Admits Statement of Fact No. 1.

2.     Admits Statement of Fact No. 2.

3.     Admits Statement of Fact No. 3.

4.     Admits Statement of Fact No. 4.

5.     Admits Statement of Fact No. 5.

6.     Denies Statement of Fact No. 6.

       <u>Contrary Evidence</u>: See Paragraphs 29 through 32 below.

7.     Admits Statement of Fact No. 7.

8.     Admits Statement of Fact No. 8.

9.     Admits Statement of Fact No. 9.

10.    Admits Statement of Fact No. 10.

11.    Admits Statement of Fact No. 11.

12.    Admits Statement of Fact No. 12.

13.    Admits Statement of Fact No. 13.

83421.1

14. Admits Statement of Fact No. 14.

15. Denies Statement of Fact No. 15.

Contrary Evidence: Plaintiff testified that when he discussed the potential investment in Sprout with his father, his father used the term "most favored nations clause." Plaintiff also testified that when he referred to "most favored nations clause" in his deposition, he was referring to the full ratchet anti-dilution protection. Plaintiff never testified that these two terms could be interchanged more generally. See Rogin Decl., Ex. B at 25:8-27:2.

16. Admits Statement of Fact No. 16.

17. Admits Statement of Fact No. 17.

18. Denies Statement of Fact No. 18.

Contrary Evidence: Plaintiff testified that he demanded full ratchet anti-dilution protection as a prerequisite for his investment in Sprout. See Rogin Decl., Ex. B at 27:10-28:5. Mr. MacKenzie similarly testified. See Rogin Decl., Ex. C at 14:19-16:17.

19. Admits Statement of Fact No. 19.

20. Denies Statement of Fact No. 20.

Contrary Evidence: Max MacKenzie testified that he agreed to afford Plaintiff's investment in Sprout full ratchet anti-dilution protection and that he instructed Sprout's lawyers to draft a side letter to provide Plaintiff with full ratchet anti-dilution protection. He also testified that he believed that the side letter drafted by Sprout's lawyers provided this protection to Plaintiff's investment in Sprout. See Rogin Decl., Ex. C at 14:19-16:17, 21:21-23:15, 23:22-25:10, 48:11-49:7, 83:19-84:13.

21. Denies Statement of Fact No. 21.

Contrary Evidence: Adelaar only testified about having learned that the Sprout board of directors had alleged certain wrongdoing had been committed by Mr. MacKenzie, not that he

83421.1

knew that Mr. MacKenzie had withheld information from the board as alleged. Moreover, Plaintiff testified that he probably did speak with Mr. MacKenzie about the allegations. *See* Rogin Decl., Ex. B at 120:14-122:3, 122:22-123:13, 123:18-124:3.

22. Admits Statement of Fact No. 22.

23. Admits Statement of Fact No. 23.

24. Denies Statement of Fact No. 24.

Contrary Evidence: Mr. MacKenzie did not testify that Mr. Adelaar's investment was not critical. He only testified that it was not critical that the critical funds needed at the time come from Mr. Adelaar as opposed to any other potential investor. *See* Rogin Decl., Ex. C at 18:19-19:2, 89:10-15.

25. Admits Statement of Fact No. 25.

26. Admits Statement of Fact No. 26.

27. Denies Statement of Fact No. 27.

Contrary Evidence: Mr. MacKenzie testified that no investor ever asked him about the terms of other investors' investment in Sprout, and when asked specifically whether Mr. Schiff had made such an inquiry, Mr. MacKenzie had no recollection thereof. *See* Rogin Decl., Ex. C at 66:9-14, 67:4-8.

28. Admits Statement of Fact No. 28.

Additional Material Facts as to Which There is a Genuine Issue to be Tried

29. In consideration for Plaintiff's investment in Sprout, Max MacKenzie, Sprout's president orally agreed that Plaintiff's investment in Sprout would be afforded full ratchet anti-dilution protection. This means that, in the event of subsequent stock issuances by Sprout at a share price lower than $1.00: (i) the share price for Plaintiff's investment would be reduced retroactively to the same lower price of such subsequently issued stock; and (ii) Plaintiff would

be issued additional shares of Sprout for his prior $600,000 investment so that the value of Plaintiff's investment in Sprout would remain at $600,000 notwithstanding the decrease in the value of Sprout's stock. *See* Affidavit of Jesse Adelaar sworn to on December 10, 2012 (the "Adelaar Aff.") at ¶¶ 2, 4; Rogin Decl., Ex. B at 27:10-28:5.

30. Plaintiff believed that as Sprout's president, Mr. MacKenzie had authority to enter into the foregoing agreement. Adelaar Aff. ¶ 5.

31. When Sprout's lawyers attempted to memorialize this agreement, the writing they drafted erroneously provided Plaintiff only limited anti-dilution protection. This fact was not understood at the time by either Plaintiff or Mr. MacKenzie at the time that they signed the written agreement. Adelaar Aff. ¶¶ 6, 7; Rogin Decl., Ex. C at 22:19-23:15.

32. Plaintiff's agreement to invest in Sprout was contingent upon Sprout's agreement to give him full ratchet anti-dilution protection. Adelaar Aff. ¶¶ 3, 8.

Dated: June 19, 2013
New York, New York

BERGER & WEBB, LLP

By: _____
Jonathan Rogin (JR-9800)

*Attorneys for Plaintiff*
7 Times Square, 27th Floor
New York, New York 10036
(212) 319-1900