UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JESSE ADELAAR,

                Plaintiff,

     - against -

SPROUT FOODS, INC.,

                Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/24/2013__

**MEMORANDUM DECISION & ORDER**

12 Civ. 3054 (FM)

**FRANK MAAS**, United States Magistrate Judge.

      In 2009, Plaintiff Jesse Adelaar ("Adelaar"), entered into an agreement with Defendant Sprout Foods, Inc. ("Sprout"), pursuant to which Sprout issued Adelaar 600,000 shares of stock at the price of $1.00 per share. In 2012, Adelaar brought this suit after Sprout refused to honor a term of the agreement that allegedly grants Adelaar "full ratchet anti-dilution" protection, which is an unusual form of anti-dilution protection that would (1) retroactively reduce the price of Adelaar's shares to equal the price of any stock subsequently issued for a value lower than $1.00, and (2) require Sprout to issue additional shares to Adelaar so that the value of his initial investment would remain the same notwithstanding any decrease to the value of Sprout's stock.

      Although the parties' written agreement says nothing about full-rachet anti-dilution, Adelaar alleges that the term was part of an oral agreement he reached with Sprout's former CEO, Max MacKenzie ("MacKenzie"), and that he and MacKenzie

subsequently executed the written agreement (prepared by Sprout's in-house counsel) under a mutually mistaken impression that the contract granted Adelaar full rachet protection across all classes of stock. MacKenzie's deposition testimony appears to corroborate Adelaar's account.

Sprout has sought summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 39). Sprout's principal argument is that the parties' written agreement is unambiguous and contains a merger clause, which by reason of the parol evidence rule prohibits Adelaar from introducing any evidence of the oral agreement he claims to have reached with MacKenzie. While it is true that the parol evidence rule generally bars a party from offering extrinsic evidence of a prior oral or written agreement that would modify or contradict unambiguous terms in an integrated written contract between the parties, Morgan Stanley High Yield Securities, Inc. v. Seven Circle Gaming Corp., 269 F. Supp. 2d 206, 213-14 (S.D.N.Y. 2003) (applying New York law), the rule has several exceptions. One of those exceptions provides that "parol evidence is admissible to reform a contract on the basis of mutual mistake." Capparelli v. Vitiritti, 643 N.Y.S.2d 656, 658 (2d Dep't 1996) (citing Brandwein v. Provident Mut. Life Ins. Co. of Philadelphia, 3 N.Y.2d 491, 168 N.Y.S.2d 964, 146 N.E.2d 693 (1957)). Accordingly, Adelaar's evidence of his oral agreement with MacKenzie, which he seeks to introduce for the purpose of establishing mutual mistake, is not barred by the parol evidence rule.

Although Sprout believes that there are serious credibility issues with Adelaar's evidence, it is inappropriate to assess the credibility of witnesses at the summary judgment stage. Fischl v. Armitage, 128 F.3d 50, 55-56 (2d Cir. 1997). Sprout also contends that there is evidence that MacKenzie implied in conversations with two other investors that no other investor had been afforded the type of anti-dilution protections Adelaar claims to have. Even assuming the truth of that evidence, however, Sprout's assertions simply confirm that the existence and terms of the alleged oral agreement are questions of fact which cannot be decided on summary judgment. Sprout's only remaining argument – that the doctrine of unclean hands bars Adelaar from seeking reformation because he apparently waited over three years before bringing suit – is equally unconvincing. Indeed, Adelaar's contention is that he was unaware of the mistake until sometime in 2011, when events occurred that triggered his alleged anti-dilution protections for the first time. In any event, Sprout offers no evidence that Adelaar knew of or should have discovered the mistake prior to when he did.

Accordingly, Sprout's motion, (ECF No. 39), is DENIED. As previously scheduled, trial shall commence tomorrow at 9:30 a.m., in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated: New York, New York
June 24, 2013

FRANK MAAS
United States Magistrate Judge

Copies to:

Jonathan Rogin, Esq. (via ECF and Facsimile)
Berger & Webb LLP
Fax: 212-319-2017

Peter Selim Samaan, Esq. (via ECF and Facsimile)
Westermann, Hamilton, Sheehy, Aydelott & Keenan, LLP
Fax: 516-794-1277